Baker, Judge,
 

 delivered the opinion of the Court:
 

 The first question which presents itself for consideration in this case is, Whether the grants from Lord Gran-ville to Cossart have been properly proved and registered ? The act of 1715, ch. 38, directs “ that all deeds, &c. made in foreign parts, which shall be acknowledged or proved before the chief magistrate of any city, town or corporation, within the dominions of the King of Great-Britain, and registered in the precinct where the land lieth, within one year after the arrival of such deeds, sháll be good and valid in law, &c.” These grants, which were made in foreign parts, were proved before the Lord Mayor of London on the 4th September, 1770, and arrived in this country about the latter part of that year, or the beginning of the year 1771, but were not registered until March, 1772, which was more than twelve months after their arrival: so that they were not registered agreeably to the provisions of that act. But the Legisla^ ture passed an act in December, 1770, ch. 7, which declares “ that all deeds, &c. not already registered, acknowledged or proved, shall and may, within two years after the passing of this act, be acknowledged by the grantor, &c. or proved by one or more of the subscribing witnesses, and tendered to the registers of the counties where such lands lie, and shall be as good and valid, Ac. as if they were acknowledged or proved and registered, agreeably to the directions of any act of assembly here
 
 *200
 
 tofore made.” And it appears that the grants in ques-Ron were registered within two years after the passing ojp ac^ ^hat |Sj ju 1772
 
 •
 
 an¿ so fai. the act was complied with. But it is contended that they were
 
 not proved
 
 at any time afterwards, whereas the act requires that they shall be proved or acknowledged as well as registered within two years. We cannot consider that this was necessary after they had been legally proved before. The act intended to provide for future probate and registration, where either bad been omitted to be done in due time. The probate here was in due time, and there could be no reason to require a second probate, where the grantee was not laboring under any inconvenience on that
 
 account;
 
 the defect being in the registration, and not in the probate. The registration, however, was in Rowan county, when the lands lay in Wilkes; and on that account it was not a compliance with the act. But the Legislature passed an act in 1806, ch. 1S, giving a further time of twelve months for the registration of grants under such circumstances. It appears that these grants were afterwards registered in Wilkes county within the twelve months: and we think that this gives validity to them, and entitles them to be read in evidence, as if tjiey had been registered in due time in the first instance.
 

 The second question is, whether the power of attorney from Cossart to Marshall, has been proved in such a manner as to admit of its being read in evidence. There was no law until lately, that we know of, which allowed of the probate and registration of powers of attorney. The probate, therefore, of this before the Mayor of Car-rickfergus, in Ireland, in the year 1774, and its subsequent registration in Surry county in the same year, being not warranted by law, would not justify the Court in receiving it in evidence without further proof. But this defect the Complainants attempt to remedy by an act of Assembly passed in the year 1782, ch. 36, sec. 3..
 
 *201
 
 which provides tiiat “ this power of attorney shall he admitted to probate and registration in the county of Wilkes, and be as good and valid in law as if the confiscation acts had never passedby which we conceive that a future probate as well as registration were contemplated to give validity to it:' as the former proof must he considered as if there were none at all, the same not being made-under any legal authority. So that one of the requisites of the act of 1782, not being performed, the power of attorney is not proved and registered in the manner required by the act, and cannot bo read in evidence.
 

 As to the power of attorney from Marshall to Graff) the only proof of it which appears, was before Judge Spencer, in the year 1779
 
 ;
 
 and that not being made under the authority of any act of Assembly, the power of attorney cannot be read without other proof.
 

 As to tlip question whether the Complainants cannot proceed against the Defendants, although the foregoing powers of attorney should not be authenticated by legal proof of their execution; we arc of opinion that Complainants may proceed, in as much as the trust estate (if any there was) vested in the
 
 unitas fratrmn
 
 by the deeds from Lord Granville. But as this part of the case can be examined and decided on at the hearing with more correctness, we permit the Complainants to proceed, subject to such objections at the hearing, as this part of the hill may be exposed to.
 
 rS*